IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KAJUANA LAMEKA SMALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-cv-02722-TLP-tmp |
| ) | |
| SYKES ENTERPRISES, ) | |
| INC. and/or ALPINE ) | |
| ACCESS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Before the court is *pro se* plaintiff Kajuana Lameka Small's Motion to Dismiss the Case Without Prejudice, filed on April 6, 2021. (ECF No. 45.) Defendants Sykes Enterprises, Inc. and Alpine Access, Inc. responded in opposition to the motion on April 26, 2021. (ECF No. 46.) Because Small is a *pro se* litigant, pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Federal Rule of Civil Procedure 41(a) provides two avenues for a plaintiff to voluntarily dismiss his or her case without prejudice. Under Rule 41(a)(1), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal

before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." If neither of those options is available to a plaintiff, Rule 41(a)(2) allows a plaintiff to request dismissal without prejudice pursuant to a court order and "on terms the court considers proper." Because Defendants filed a motion for summary judgment on November 4, 2020, (ECF No. 42), and the Defendants have not signed a stipulation of dismissal, Small can only seek voluntary dismissal of this case without prejudice under Rule 41(a)(2).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). The Sixth Circuit has laid out four non-exhaustive factors to guide the court's inquiry whether "a voluntary dismissal without prejudice will result in plain legal prejudice: (1) the effort and expense exhausted by the defendant in preparation for trial; (2) any excessive delay or lack of diligence by the plaintiff; (3) an insufficient explanation of the need for dismissal; and (4) whether a motion for summary judgment has been filed." Pence v. TMNO Healthcare, LLC, No. 13-1199, 2013 WL 5550862, at *3 (W.D. Tenn. Oct. 8, 2013) (citing Grover, 33 F.3d at 718). Considering these four factors leads to the conclusion

that Defendants will suffer legal prejudice should the court allow Small to dismiss the case without prejudice at this juncture.

Beginning with the first Grover factor, Defendants have undergone extensive discovery in preparation for trial – including both written discovery and depositions – and incurred the expenses related to filing the aforementioned motion for summary judgment. See Boettcher v. Loosier, No. 2:14-cv-02796-JPM-dkv, 2016 WL 1173182, at *4 (W.D. Tenn. Mar. 22, 2016) (finding that the first Grover factor weighed against voluntary dismissal where "discovery [was] nearly complete and the parties [had] spent almost one and one-half years preparing this case for trial"); Rast v. City of Pigeon Forge, No. 3:10-CV-52, 2011 WL 884041, at *3 (E.D. Tenn. Mar. 11, 2011) (finding that the first Grover factor weighed against voluntary dismissal where defendants expended time and expenses engaging in written discovery, scheduling and taking depositions, and in filing a motion for summary judgment). Regarding the second Grover factor, Small has not been a diligent plaintiff, as she did not timely respond to the Defendants' motion for summary judgment even after a court order directing her to do so and she did not file any objections to the undersigned's pending Report and Recommendations regarding the motion for summary judgment. See Smith v. Marten Transp. Ltd., No. 2:19-cv-02135-TLP-dkv, 2020 WL 4284805, at *2-3 (W.D. Tenn. July 27, 2020) (finding that the second Grover factor weighed against voluntary dismissal

where the plaintiff missed multiple filing deadlines imposed by the court).

The third Grover factor weighs in favor of a voluntary dismissal, as Small is seeking a voluntary dismissal because of "the State of Emergency with the Covid 19 pandemic and . . . [a] family emergency where the plaintiff will not be able stand trial or make the upcoming court dates." (ECF No. 45 at 1.); see Pence, 2013 WL 5550862, at *3 ("Parties seeking dismissal without prejudice are not required to give an exact or detailed reasoning for their actions so long as there is some logical justification."). However, while being mindful of the ongoing public health crisis and Small's family emergency, the court notes that there are currently no scheduled hearings and a date for trial has not been set. Therefore, the undersigned submits that Small's rationale behind requesting a voluntary dismissal is not enough, on its own, to justify granting her motion. This is especially true after considering the fourth Grover factor, which asks whether a motion for summary judgment has been filed. Not only have the Defendants filed a motion for summary judgment in this case, but the undersigned has entered a Report and Recommendation recommending that the motion be granted. (ECF Nos. 42, 44.); see Hart v. Bank of Am., N.A., No. 14-cv-2807-SHL-tmp, 2015 WL 12532149, at *2 (W.D. Tenn. Nov. 17, 2015) (finding that the fourth Grover factor weighed against dismissal where "Plaintiff simply

failed to respond to Defendant's Motion for Summary Judgment, and, after that deadline passed, submitted a conclusory Request for Voluntary Dismissal with only two paragraphs of argument in support thereof"). Because the undersigned has recommended that summary judgment be granted, it would be a better use of judicial resources for this case to be resolved on summary judgment as opposed to a voluntary non-suit. See Williams v. Ocwen Loan Servicing, LLC, No. 2:18-cv-02802-SHL-cgc, 2019 WL 11556858, at *2 (W.D. Tenn. Nov. 7, 2019) (noting that, where a plaintiff moves to voluntarily dismiss a case while a motion for summary judgment is pending, "the most efficient resolution to [the] matter is the pending Motion for Summary Judgment"). As such, after considering all of the relevant Grover factors and the circumstances of this case, the undersigned submits that voluntary dismissal without prejudice is not appropriate and thus recommends that the motion be denied.

    Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 29, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.**

**72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**