IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KAJUANA LAMEKA SMALL,           )<br>                                                          )<br>         Plaintiff,                              )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>ALPINE ACCESS INC. AND/OR SYKES )<br>INC., Jointly or severally,                )<br>                                                          )<br>         Defendants.                        ) | No. 2:19-cv-02722-TLP-tmp<br><br>JURY DEMAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND ADOPTING REPORT
AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS**

Chief Magistrate Judge Tu Pham ("Judge Pham") issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants Alpine Access Inc. and/or Sykes Inc.'s motion for summary judgment. (ECF No. 44.) Plaintiff then moved to dismiss without prejudice. (ECF No. 45.) Judge Pham issued a second R&R recommending that this Court deny Plaintiff's motion to dismiss. (ECF No. 47.) Neither party objected to these R&Rs.

For the reasons below, the Court **ADOPTS** both R&Rs. The Court therefore **GRANTS** Defendants' motion for summary judgment (ECF No. 42) and **DENIES** Plaintiff's motion to dismiss (ECF No. 45).

**THE REPORT AND RECOMMENDATION**

I.   **Case History**

First, Judge Pham thoroughly outlined the history of this dispute. (ECF No. 44 at PageID

406–12.) Here are the facts.[1]  From 2012 until 2019, Plaintiff was an at-home customer service agent for Defendants—businesses which provide outsourced customer service for other companies.  (ECF No. 42-2 at PageID 270–71.)  In April 2015, Defendants assigned Plaintiff to the Microsoft Xbox ("Xbox") account.  (*Id.* at PageID 271.)  Plaintiff alleged that her manager on the Xbox account, Angela Jensen, tried to let her go for no reason and denied her promotions and opportunities to transfer to different departments.  (ECF No. 1-2 at PageID 12–13.)  After reporting Ms. Jensen's conduct to management, Defendants moved Plaintiff to a new team[2] with a different manager.  (*Id.* at PageID 13.)

In 2016, Plaintiff began working on a team managed by Jerry Taylor, who made her work through lunch without compensating her.  (*Id.*)  What is more, she started receiving phone calls "with racial slurs."  (*Id.*)  At times, the callers sounded "like voices that were familiar of management."  (*Id.*)

Then Defendants transferred her to Joshua Lanter's team.  (*Id.*)  While working on that team, the calls with racial slurs continued.  (*Id.*)  And Mr. Lanter assigned her fewer hours, never gave her a raise, and tried to deduct hours that she had worked from her pay.  (*Id.*)  Plaintiff claimed that Defendants and Mr. Lanter treated her this way because she joined a Fair Labor Standards Act ("FLSA") class action lawsuit against Defendants.  (*Id.*)

Next in 2018, Defendants transferred her to Lawnya Anderson's team and gave her a $3.00 pay raise.  (*Id.*)  Shortly after receiving this raise, Ms. Anderson asked Plaintiff to submit a "bio picture" for the company biography.  (*Id.*)  At the same time, the Microsoft Xbox account

---

[1] Plaintiff never challenged Defendants' statement of undisputed facts.  As a result, Judge Pham considered Defendants' version of the facts undisputed under Federal Rule of Civil Procedure 56(e)(2). (*See* ECF No. 44 at PageID 406.)
[2] Plaintiff does not explain what a different "team" is.  But her allegations suggest that each team had a different manager who supervised a group of customer service agents.

2

began to experience "ramp downs." (ECF No. 42-2 at PageID 271.) So in January 2019, Defendants transferred Plaintiff and 103 other agents from the Xbox account to the Intuit Turbo Tax ("Intuit") account. (*Id.* at PageID 272.) Plaintiff alleged that Defendants transferred her "right after" she sent in her biography picture. (ECF No. 1-2 at PageID 13.) And after this transfer, Plaintiff lost her $3.00 raise. (*Id.*) What is more, Plaintiff alleged that she worked less hours each week and that her superiors ignored her questions and requests for help. (*Id.* at PageID 13–14.)

About a month later, Defendants removed Plaintiff from the Intuit account. (ECF No. 42-2 at PageID 272.) Intuit had high performance standards, and so performed its own call monitoring and audits. (*Id.*) Intuit told Defendants it was dissatisfied with about 140 customer service agents, including Plaintiff. (*Id.*) As a result, Defendants removed Plaintiff from the Intuit account and encouraged her to reapply to one of the other open accounts. (*Id.*)

Shortly after Defendants removed her from the Intuit account, Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission ("THRC"), alleging retaliation and discrimination claims based on her race and national origin. (ECF No. 1-1.) And after receiving a right to sue letter, she sued Defendants for unlawful termination, failure to promote, and retaliation based on her race, color, and national origin. (ECF No. 1 at PageID 4.)

Defendants now move for summary judgment on Plaintiff's claims. (ECF No. 42.) Judge Pham recommends that this Court grant the motion and Plaintiff did not object to that recommendation. (ECF No. 44.) She did, however, move to dismiss her claims voluntarily. (ECF No. 45.) As a result, Judge Pham entered a second R&R recommending that the Court deny her motion to dismiss. (ECF No. 47.)

The Court now reviews Judge Pham's analysis in the R&Rs.

3

II. **The Chief Magistrate Judge's Analysis on Defendants' Motion for Summary Judgment**

The Chief Magistrate Judge recommends that the Court grant the motion for summary judgment because the statute of limitations bars some of Plaintiff's claims, and because she did not prove retaliation or discrimination under Title VII.

A. **The Statute of Limitations**

Judge Pham determined that Title VII's statute of limitations bars Plaintiff's claims pre-dating May 30, 2018. (ECF No. 44 at PageID 414.) To explain, a plaintiff in Tennessee must file their EEOC charge within 300 days of the alleged discriminatory act. *Turner v. City of Memphis*, No. 2:17-cv-2447-SHM-dkv, 2018 WL 283752, at *1 (W.D. Tenn. Jan. 3, 2018). That 300-day limitations period starts running "when a plaintiff has knowledge of the employment decision, practice, or action at issue[.]" *Jenkins v. Metro Bd. of Educ.*, No. 3:12-0062, 2012 WL 874718, at *3 (M.D. Tenn. Mar. 14, 2012).

Plaintiff here filed her charge of discrimination with the THRC on March 26, 2019. (*See* ECF No. 1-1 at PageID 9.) Judge Pham thus determined that Title VII's statute of limitations bars her allegations involving conduct before May 30, 2018.[3] (ECF No. 44 at PageID 415.)

B. **Title VII Retaliation**

Next Judge Pham explained that Title VII prohibits employers from retaliating against employees for opposing unlawful employment practices. (ECF No. 44 at PageID 415–16 (citing 42 U.S.C. § 2000e-3(a))). Title VII's retaliation provision is broad and "protects employees from conduct that would have 'dissuaded a reasonable worker from making or supporting a

---

[3] This date—May 30, 2018—is 300 days before Plaintiff filed her complaint on March 26, 2019.

4

charge of discrimination.'" *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Judge Pham added that the *McDonnel Douglas* framework applies to Plaintiff's Title VII claims because she did not have any direct evidence of retaliation. (*Id.* at PageID 416.) Under that framework, a plaintiff must establish a prima facie case of retaliation under Title VII by showing that "(1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." *Jones v. Johanns*, 264 F. App'x 463, 466 (6th Cir. 2007).

If the plaintiff makes this showing, then the burden of production shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for its employment decision." *Melton v. U.S. Dep't of Lab.*, 373 F. App'x 572, 576 (6th Cir. 2010) (quoting *Yellow Freight Sys., Inc. v. Reich*, 27 F.3d 1133, 1138 (6th Cir. 1994)). And if the defendant provides a legitimate reason, the plaintiff must establish that it is pretextual. *O'Donnell v. City of Cleveland*, 838 F.3d 718, 726–27 (6th Cir. 2016). To do so, the plaintiff must show that the defendant's proffered reason is baseless, did not actually motivate the action, or that it was "insufficient" to motivate the action. *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 589 (6th Cir. 2002).

Applying this framework to Plaintiff's claims, Judge Pham found that she did not meet her burden under *McDonnel Douglas*. Plaintiff claimed that Defendants retaliated against her after she (1) joined a FLSA class action lawsuit and (2) submitted her biography picture. But she showed no protected activity under Title VII. (ECF No. 44 at PageID 419.) "Because an FLSA class action lawsuit is not a Title VII proceeding, Small did not participate in a protected activity

5

that would subject Defendants to Title VII's anti-retaliation provision." (*Id.* at PageID 420.) Nor does "uploading a picture for a company biography . . . equate to opposing 'a practice declared discriminatory under Title VII.'" (*Id.* (quoting *McDonald v. NYK Logistics (Ams.), Inc.*, No. 09-cv-02264-STA-dkv, 2011 WL 197578, at *11 (W.D. Tenn. Jan. 19, 2011))).

Yet even if there were a dispute about whether Plaintiff engaged in protected activity, Judge Pham determined that her retaliation claims still failed. This is because Plaintiff did not prove that Defendants knew about this protected activity. (*Id.*) Construing the record in Plaintiff's favor, Judge Pham still concluded that "the record only contains mere speculation that Small's supervisors could have been aware of her involvement in the FLSA class action lawsuit," and that this was "not enough to support a claim for retaliation as a matter of law." (*Id.* at PageID 422.)

Plaintiff also alleged that Defendants retaliated against her for complaining to Human Resources about management transferring phone calls with racial slurs to her. (ECF No. 1-1 at 3.) But Judge Pham found that Plaintiff "has not put forth any evidence to create a genuine dispute of material fact as to whether there was a causal connection between her protected activity and Defendants' materially adverse act." (ECF No. 44 at PageID 423.) Indeed, Plaintiff provided no evidence that Defendants took any adverse action against her because of her complaints. As a result, Plaintiff failed to make the prima facie showing for a Title VII retaliation claim.

### C.     Title VII Discrimination

Lastly, the Chief Magistrate Judge found that Plaintiff failed to state a claim for Title VII discrimination. In that regard, Plaintiff alleged that Defendants terminated her and failed to promote her because of her race. (*See* ECF No. 1 at PageID 4.) As Judge Pham explained, to

6

make a prima facie case for Title VII discrimination, a plaintiff must show that "(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, *or* a similarly situated non-protected employee was treated more favorably.'" *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 921 (W.D. Tenn. 2011) (quoting *Corell v. CSX Transp., Inc.*, 378 F. App'x 496, 501 (6th Cir. 2010)).

Judge Pham found here that Plaintiff's Title VII discrimination claims failed because she did not identify a similarly situated employee who Defendants treated "more favorably." (ECF No. 44 at PageID 426–28.) Plaintiff claimed that Defendants terminated more black customer service agents than white agents, but she provided little evidence to support this allegation. (*Id.* at PageID 427.) And although Plaintiff attached a spreadsheet "that purports to list the race of each employee terminated" on the same day that Defendants terminated her, Judge Pham found that it was "insufficient to establish that she was treated differently than similarly situated employees in non-protected classes." (*Id.* at PageID 427–28 (citing *Turner v. United Parcel Serv., Inc.*, No. 3:19-cv-00476, 2019 WL 5190992, at *4 n.4 (M.D. Tenn. Oct. 15, 2019))).

For these reasons, Judge Pham recommends that this Court grant Defendants' motion for summary judgment. (ECF No. 44 at PageID 428.)

**III.    Plaintiff's Motion to Voluntarily Dismiss**

    **A.    The Chief Magistrate Judge's Analysis**

Plaintiff never responded to Defendants' motion for summary judgment. Nor did she object to the Chief Magistrate Judge's R&R. Instead, in the face of the summary judgment motion, she moved to dismiss the case without prejudice "due to the State of Emergency with the Covid 19 pandemic and due to [a] family emergency where the plaintiff will not be able to stand

7

trial or make the upcoming court dates." (ECF No. 45 at PageID 430.) Following Plaintiff's motion, Judge Pham entered an R&R recommending this Court deny her motion. (ECF No. 47.)

Judge Pham explained that under Federal Rule of Civil Procedure 41(a)(1), a plaintiff can voluntarily dismiss an action without court interference by filing either (1) a notice of dismissal before the defendant answers or moves for summary judgment, or (2) a stipulation of dismissal signed by all parties. If the circumstances in Rule 41(a)(1) do not apply, a plaintiff wishing to dismiss voluntarily must ask the Court to order dismissal "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2).

Judge Pham determined that Rule 41(a)(2) applied here, because Defendants moved for summary judgment and there was no stipulation of dismissal. Courts have discretion under Rule 41(a)(2) and should consider whether granting the motion will cause "plain legal prejudice" to the nonmovant. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). To determine whether there is "plain legal prejudice," courts consider these factors: "the defendant's effort and expense of preparation at trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

Considering these factors, Judge Pham found that Defendants would suffer legal prejudice if the court allowed Plaintiff to dismiss the case without prejudice. (ECF No. 47 at PageID 439.) Defendants have "undergone extensive discovery in preparation for trial" and incurred expenses moving for summary judgment. (*Id.*) And Judge Pham determined that Plaintiff had not acted diligently, for she failed to respond to either Defendants' summary judgment motion or the Chief Magistrate Judge's R&R. (*Id.*) What is more, Judge Pham noted that there are no scheduled hearings here, nor is there a trial date. (*Id.* at PageID 440.) With no

upcoming court dates, Judge Pham found that her reason for requesting voluntary dismissal was "not enough, on its own, to justify granting her motion." (*Id.*)  And finally, on the last factor, not only have Defendants moved for summary judgment, but Judge Pham entered a R&R recommending this Court grant that summary judgment motion.

With all of this in mind, Judge Pham found that "it would be a better use of judicial resources for this case to be resolved on summary judgment as opposed to a voluntary non-suit." (*Id.* at PageID 441.)  So he recommends that this Court deny Plaintiff's motion to dismiss.

## DISPOSITION

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  Neither party objected to the R&Rs, and the time for objecting has expired. *See id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&Rs and the entire record here, the Court finds no clear error.  In fact, this Court agrees with Judge Pham's analysis and conclusions.  This Court therefore **ADOPTS** both R&Rs in their entirety.  In sum, the Court **GRANTS** Defendants' motion for summary judgment and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.  The Court further **DENIES** Plaintiff's motion to dismiss voluntarily.  Judgment will follow entry of this order.

**SO ORDERED**, this 9th day of August, 2021.

                                             s/Thomas L. Parker
                                             THOMAS L. PARKER
                                             UNITED STATES DISTRICT JUDGE